**ENVIRONMENTAL TECTONICS COR-
PORATION, Plaintiff,**

v.

**LTG Wallace H. ROBINSON, Jr.,
and
James Schlesinger, Defendants.**

**No. C. A. 75–1130.**

United States District Court,
District of Columbia.

Sept. 23, 1975.

Thomas L. Patten, Washington, D. C., for plaintiff.

M. Nathan Norton, Washington, D. C., for defendants.

Marvin P. Sadur, Washington, D. C., for intervenor Met-Pro.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

Plaintiff Environmental Tectonics Corporation (ETC), a disappointed bidder for a government contract, comes before the Court at this time seeking a preliminary injunction. Although ETC had made the low bid on the contract in question, it was declared non-responsible—i. e., unlikely to be able to perform adequately on this contract—by the procurement agency. The contract thereafter went to Met-Pro, the third lowest bidder, after the second lowest bidder, A. C. Ball, failed to renew its bid within the allotted time.

ETC subsequently complained to the General Accounting Office (GAO) about the procurement agency's handling of this contract. It alleged:

1) that the agency erroneously found ETC to be non-responsible;

2) that the agency failed to make a determination of non-responsibility for the second lowest bidder, A. C. Ball, which it had a duty to do;

3) that the agency failed to request of A. C. Ball that it extend its bid acceptance period while making several such requests of Met-Pro, which is illegal;

4) that the specifications under which the award was made were defective, making the entire bid void.

The government has denied that the agency has done anything erroneous or illegal. The case is now pending before the GAO.

Subsequently, ETC brought this action, alleging basically the same things it has before the GAO. Although it is seeking permanent relief, ETC is at this juncture asking only for a preliminary injunction tailored to insure that the GAO and subsequently this Court will have an opportunity to decide the questions it has raised. The government naturally opposes the grant of a preliminary injunction; in this it is joined

by Met-Pro, the successful bidder on the contract, which this Court has informally allowed to intervene on this limited question under Rule 24(b) of the Federal Rules of Civil Procedure.

■ The government first seeks dismissal of the entire complaint on the ground that ETC has no standing to bring the action. ETC has cited a number of cases to support its standing in this case, the most important of which is *Scanwell Laboratories, Inc. v. Shaffer,* 137 U.S.App.D.C. 371, 424 F.2d 859 (1970). There the Court of Appeals held that a frustrated bidder had standing to petition the court to declare a contract null and void. Although it is not clear that this case and its progeny, *Steinthal & Co. v. Seamans,* 147 U.S. App.D.C. 221, 455 F.2d 1289 (1971), and *Wheelabrator Corp. v. Chafee,* 147 U.S.App.D.C. 238, 455 F.2d 1306 (1971), give ETC standing to claim that this contract should have gone to A. C. Ball, they clearly give it standing to claim that the procurement agency erroneously determined that it was non-responsible and that the specifications under which the award was made were defective. Since this Court's ultimate ruling on the preliminary injunction question does not make it necessary to go further than this at this time, the holding is so limited.

■ The government and Met-Pro also argue that an injunction pending decision by the GAO ought not to be granted in this case. This Court agrees. In making its determination, the Court has weighed very carefully the harm that might befall the plaintiff and the public should this limited injunction be denied against the harm that might befall the defendant and the public should it be granted. The plaintiff alleges that two particular public interests will be injured if the injunction is denied: (1) the public interest in not paying money out on a government contract which is invalid, and (2) the public interest in seeing that proper procurement procedures are followed. ETC

is also, of course, interested in its own behalf. It fears that if it is denied this injunction it will as a practical matter lose the opportunity to bid on this contract once again.

On the other hand, the government and Met-Pro argue that an injunction pending GAO decision would have a disruptive effect on Met-Pro's performance, on the government's performance, and on other contracts which Met-Pro has already made in reliance on this government contract.

Crucial to a weighing of these interests are two representations made to this Court in oral argument. The first, made by Mr. Allen Saltman of the GAO, was that, unless the GAO is prevented from doing so by court order, it will render a decision on the ETC complaint by the end of October at the latest. Transcript at 50. The second, made by counsel for Met-Pro, Mr. Marvin Sadur, was that First Article Approval for this contract will not be made until sometime in January at the earliest. Transcript at 47. ETC has pointed out, and counsel for Met-Pro agrees, that the government is not liable for costs on this contract until First Article Approval is made.

Given this timetable, it is clear that the government will not be paying out any money on this contract while the GAO decides this case. Nor is the public interest in seeing that proper procurement procedures are followed at stake, since both the GAO and this Court will have an opportunity to decide this case if the injunction is denied. The same is true for ETC's individual interests.

This same timetable also raises questions whether the government or Met-Pro will be affected if a preliminary injunction is granted for the short space of time that ETC seeks. But it is the plaintiff's burden to show that it needs an injunction. It has failed to do so in this case.

Because of its view of this case, this Court finds it unnecessary to inquire

**816**

into such questions as the appropriateness of a security bond or the likelihood of the plaintiff's success on the merits. This Court does, however, maintain jurisdiction of this case; should the timetable upon which this ruling is based change, it will entertain other motions. If Met-Pro wishes to intervene in this case formally, it may file a motion with this Court to do so.